## Lena Mark, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,163.

1. PASSENGER AND CARRIER—*when instruction as to care required of former appropriate.* *Held*, that the following instruction was correct in form and proper to be given under the facts of this case.

"The court instructs the jury as a matter of law that it is the duty of a street railroad company to use the highest degree of care and caution, consistent with the practical operation of the road, to provide for the safety and security of passengers while being transported."

2. INSTRUCTIONS—*must not assume facts in dispute.* An instruction which directly or in effect assumes the existence of a fact in dispute, is properly refused.

3. INSTRUCTIONS—*need not repeat.* An instruction though correct in form if substantially contained in another instruction given, is properly refused.

Action in case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed January 18, 1909.

WEST, ECKHART & TAYLOR, for appellant.

CHARLES M. FOELL and EARL J. WALKER, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in a suit by appellee against appellant. It is averred in the declaration that plaintiff became a passenger on defendant's street car, on Sixty-third street, in the city of Chicago, going west on said street, and signalled the conductor to stop the car at the intersection of said street with Morgan street, to allow plaintiff to alight therefrom. The car was stopped at said intersection, and while plaintiff was in the act of alighting therefrom, and before she had sufficient time to reach

the ground, the car was suddenly started forward with a violent jerk, and she was thrown to the ground and was thereby injured.

The defendant pleaded the general issue; the jury found the defendant guilty and assessed plaintiff's damages at $1,000, and the court overruled defendant's motions for a new trial and in arrest of judgment and rendered judgment on the verdict.

The plaintiff is married, and, at the time of the accident, was between thirty-seven and thirty-eight years of age. In the afternoon of July 1, 1903, she became a passenger on a street car of the defendant, bound west, on Sixty-third street, at the intersection of that street with Halsted street, to go west to Morgan street, and told the conductor to stop at that street. Halsted street and Morgan street lie north and south, Morgan street being four blocks west of Halsted street. The car was an open summer car, the motive power of which was electricity, and the seats ran across the car from side to side of the car. When the car reached the northwest corner of Sixty-third and Morgan streets, plaintiff attempted to alight and fell to the ground. She was assisted to the upper room of a house on said corner, where she remained a short time, when she was taken down from there on a stretcher and was taken to her residence on Morgan street, between two and three blocks from the place of the accident, in a wagon. There she was attended by physicians, and July 17, 1903, she suffered a miscarriage, the foetus being about four months old. Prior to that time she had given birth to six children, all of whom, except one, were living at the time of the trial. The objections of the defendant's counsel are that the verdict is against the weight of the evidence; that the court erred in ruling on instructions, and made remarks in the presence of the jury prejudicial to the defendant.

The chief question of fact in dispute between the parties is, whether the car had stopped and was stand-

ing still when the plaintiff attempted to alight from it, or whether she attempted to alight before the car stopped, and while it was in motion. The plaintiff and the witnesses produced by her testified that the car was not in motion, but had stopped when plaintiff attempted to alight, and that, while she was so attempting, the car started forward with a jerk, causing her to fall to the ground. Witnesses called by the defendant testified that the car had not stopped, but was in motion, when plaintiff attempted to alight, and that it did not stop until after she fell. In this state of the evidence, it was for the jury to decide which witnesses were entitled to be credited, those for the plaintiff, or those for the defendant. Defendant's counsel, citing numerous cases, urges that it is our duty to consider the testimony, and to reverse the judgment if we find the verdict manifestly against the weight of the evidence. This is unquestionably the law, and we have applied it in numerous cases. It would serve no useful purpose to discuss in this opinion, critically and in detail, the testimony of the different witnesses. We have read, re-read and carefully considered, all the evidence, and our conclusion from such reading and consideration is, that the verdict is supported by the evidence and is not manifestly contrary to the preponderance of the evidence. We are not even prepared to say, that had we been members of the jury, our verdict as to the plaintiff's right of recovery would have differed from that rendered.

We find no reversible error in any remarks of the court during the trial.

The plaintiff's seventh instruction is as follows:

"The court instructs the jury as a matter of law that it is the duty of a street railroad company to use the highest degree of care and caution, consistent with the practical operation of the road, to provide for the safety and security of passengers while being transported."

Counsel, while admitting that the instruction is legally correct, contend that it has no application to the facts. Negligence, or a want of proper care, is averred in the declaration, and the evidence tends to prove the averment. Therefore the instruction, in informing the jury of the care legally incumbent on the defendant, is pertinent and applicable to the facts.

It is objected that the court erred in refusing each of defendant's instructions numbered eleven, fourteen and sixteen. Refused instruction eleven is substantially included in defendant's given instruction twenty-four. Refused instructions fourteen and sixteen are as follows:

"14. The court instructs the jury that where a person voluntarily exposes himself to a danger that he knows, or by reasonable attention would have known, he assumes the risks incident thereto and cannot recover for an injury resulting therefrom. If the jury believe, from the evidence, that plaintiff knew or might reasonably have known the dangers incident to alighting from a moving street car, and that, notwithstanding such knowledge, she attempted to alight from said car while in motion and was injured as the result of such act, the plaintiff cannot recover in this action, and you should find defendant not guilty.

"16. The jury are instructed that the plaintiff cannot recover at all in this case against the defendant, unless you believe the plaintiff has proved by a preponderance of the evidence each of the following propositions:

"(1) That the plaintiff was exercising ordinary care for her own safety at and just before the time of the accident in question;

"(2) That the plaintiff sustained injuries as charged in the declaration;

"(3) That the defendant was guilty of negligence in the manner charged in the declaration, or in some count thereof;

"(4) That such negligence of the defendant was the proximate, direct cause of the plaintiff's injuries in question;

"And if you find from the evidence that the plaintiff has failed to prove, by a preponderance of the evidence, these propositions as stated, or that she has failed to so prove any one of them, she cannot recover against the defendant, and you should find the defendant not guilty."

We think the court did not err in refusing instruction fourteen. It comes very close to assuming that the plaintiff attempted to alight from the car while it was in motion, if it does not so assume, and is, as we think, calculated to mislead the jury. The jury were fully instructed as to the defendant's theory, that the plaintiff attempted to alight from the car while it was in motion, by defendant's given instruction thirteen, which is as follows:

"If the jury believe from the evidence that the plaintiff attempted to alight from the car in question while it was in motion, and that her fall and injury were due to that fact, and that such conduct on her part was a want of ordinary care for her personal safety, which contributed to the accident and injury in question, then the jury are instructed that she cannot recover in this case, and your verdict should be not guilty."

In reference to refused instruction sixteen, counsel say it is sound law and that the part of the instruction marked four was not included in any instruction given. Defendant's given instruction three commences thus: "The jury are instructed that the plaintiff is required by law to establish, by a preponderance of evidence, that the cause of the alleged injury was the negligence of the defendant charged in her declaration, before she can recover." This substantially includes number four of the refused instruction sixteen. It is not contended by defendant's counsel that the parts of the instruction marked, respectively, one, two, three, are not included in instructions given. The court gave twenty-three instructions at the defendant's request—certainly more than necessary to cover every phase of the case.

It is assigned as error, but not argued and therefore waived, that the damages are excessive. We will say, however, that we consider the sum as damages very moderate, in view of the evidence in respect to the plaintiff's injury.

We find no reversible error in the record, and the judgment will be affirmed.

*Affirmed.*